**RECORD NO. 13-4556**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

SHAWN PATRICK MANNING,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE

**OPENING BRIEF OF APPELLANT
SHAWN PATRICK MANNING**

L. Brad Braford
L. BRAD BRAFORD P.C.
4806 Pleasant Hill Drive, Suite 202
Roanoke, Virginia 24018
(540) 342-2850 Phone
(540) 342-2824 Facsimile
lbbpclaw@verizon.net

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF SUBJECT MATTER JURISDICTION
AND APPELLATE JURISDICTION .....................................................................1

STATEMENT OF THE ISSUE.................................................................................1

STATEMENT OF THE CASE..................................................................................1

STATEMENT OF FACTS ........................................................................................2

SUMMARY OF THE ARGUMENT ........................................................................4

ARGUMENT .............................................................................................................4

    THE DISTRICT COURT ERRED BY FINDING THAT A NEW JERSEY CONVICTION FOR THEFT FROM THE PERSON IN THE THIRD DEGREE WAS A CRIME OF VIOLENCE AND IN APPLYING THE GUIDELINE ENHANCEMENT FOR CAREER OFFENDERS UNDER § 4B1.1 .........................................................................4

    A.   Standard of Review................................................................................4

    B.   Argument ...............................................................................................4

CONCLUSION..........................................................................................................7

REQUEST FOR ORAL ARGUMENT .....................................................................8

CERTIFICATE OF COMPLIANCE.........................................................................9

CERTIFICATE OF FILING AND SERVICE .......................................................10

# TABLE OF AUTHORITIES

## CASES

Page

State v. Sein,
 590 A.2d 665, 124 N.J. 209 (N.J. 1991) ............................................................. 6

United States v. Allen,
 446 F.3d 522 (4th Cir. 2006) ................................................................................ 4

United States v. Jarmon,
 596 F.3d 228 (4th Cir. 2010) ............................................................................ 4, 6

United States v. Manigan,
 592 F.3d 621 (4th Cir. 2010) ................................................................................ 6

United States v. Royal,
 No. 10-5296 (4th Cir. October 1, 2013) ............................................................... 6

## STATUTES

18 U.S.C. § 1956 ..................................................................................................... 1, 2
18 U.S.C. § 3231 ........................................................................................................ 1
18 U.S.C. § 3742 ........................................................................................................ 1
21 U.S.C. § 841 ..................................................................................................... 1, 2
28 U.S.C. §1291 ......................................................................................................... 1
N.J.S.A. § 2C:20-2 ..................................................................................................... 5
N.J.S.A. § 2C:20-3 .................................................................................................. 5, 6

## U.S. SENTENCING GUIDELINES

U.S.S.G. § 4B1.1 .................................................................................................... 2, 4
U.S.S.G. § 4B1.2 ........................................................................................................ 4

## STATEMENT OF SUBJECT MATTER JURISDICTION AND APPELLATE JURISDICTION

The defendant-appellant, Shawn Patrick Manning, appeals his final judgment of conviction and sentence imposed on July 10, 2013 by the Judgment entered on July 15, 2013. Mr. Manning timely noted this appeal on July 29, 2013. Mr. Manning was convicted of one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841 and one count of money laundering in violation of 18 U.S.C. § 1956. The United States District Court for the Western District of Virginia was a court of original subject matter jurisdiction pursuant to 18 U.S.C. § 3231. The United States Court of Appeals for the Fourth Circuit has jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Did the district court err in applying the Guideline enhancement for career offenders under §4B1.1 by finding that a New Jersey conviction for theft from the person in the third degree was a crime of violence?

## STATEMENT OF THE CASE

On May 24, 2012, an indictment was returned in the Western District of Virginia against Mr. Manning and ten co-defendants. (JA 9) Mr. Manning was charged with one count of of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 841, and two counts of money

1

laundering in violation of 18 U.S.C. § 1956. Mr. Manning entered into a plea agreement which provided for him to enter into a plea of guilty to one money laundering count and to a lesser included offense of the conspiracy to distribute a controlled substance. (JA 51) The plea agreement also reserved his right to appeal a finding of career offender status and any issues that necessarily flow therefrom. (JA 58)

On July 10, 2013, the district court, over defense objection, determined that Mr. Manning was a career offender pursuant to § 4B1.1. (JA 81) The district court found that he had a total offense level of 31 and a criminal history category VI. The district court sentenced Mr. Manning to 188 months of incarceration to be followed by five years of supervised release. The district court also imposed a special assessment of $200.00. Mr. Manning timely noted his appeal.

## STATEMENT OF FACTS

Mr. Manning's co-defendant Cynthia Little was the leader in an operation that had bulk marijuana shipped from California to nominee addresses in the Western District of Virginia. Thirty pound shipments of marijuana would be sent via various shippers including UPS and FedEx. Once the marijuana arrived in Virginia, members of the conspiracy would retrieve the marijuana from the people who received the packages. The marijuana would then be broken up and sold at the street level. (JA

43-44)

The distribution of marijuana resulted in the accumulation of large sums of cash as the proceeds from the sale of the marijuana. The cash then needed to be returned to California and Jamaica. Initially cash was shipped in bulk quantities through UPS. When a cash shipment broke open revealing cash, the money began being moved in other manners. These other manners included depositing money into a bank account here in Virginia and then someone else immediately withdrew the money in California as payment for the marijuana, and also included the wire transfer of money. (JA 44)

Mr. Manning was involved in some of the wire transfer of moneys on behalf of Cynthia Little, transported packages of bulk marijuana, and assisted in the recruitment of people to accept packages. (JA 45-46) During his entire involvement with this criminal conspiracy, Mr. Manning was a heroin addict and was involved in the conspiracy in an attempt to fund his addiction. His involvement in the conspiracy ended abruptly when he was arrested by local authorities and convicted of the state charge of distribution of heroin. He is currently serving a state sentence for the heroin charge. (JA 47)

3

SUMMARY OF THE ARGUMENT

THE DISTRICT COURT ERRED BY FINDING THAT A NEW JERSEY CONVICTION FOR THEFT FROM THE PERSON IN THE THIRD DEGREE WAS A CRIME OF VIOLENCE AND IN APPLYING THE GUIDELINE ENHANCEMENT FOR CAREER OFFENDERS UNDER §4B1.1

ARGUMENT

**THE DISTRICT COURT ERRED BY FINDING THAT A NEW JERSEY CONVICTION FOR THEFT FROM THE PERSON IN THE THIRD DEGREE WAS A CRIME OF VIOLENCE AND IN APPLYING THE GUIDELINE ENHANCEMENT FOR CAREER OFFENDERS UNDER §4B1.1**

**A.   Standard of Review.**

This Court reviews factual findings for clear error and legal conclusions de novo when determining whether the district court properly applied the United States Sentencing Guidelines. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

**B.   Argument**

In United States v. Jarmon, this Court held that the North Carolina offense of larceny from the person constituted a "crime of violence" under the "otherwise" clause of § 4B1.2 of the United States Sentencing Guidelines. 596 F. 3d 228, 232 (4th Cir. 2010). The critical factors that led this Court to reach this determination when

4

applying the "otherwise" clause to the North Carolina law are that under North Carolina law larceny from the person requires proof of the element that "the property stolen must be in the immediate possession of and under the protection or the control of the victim at the time the property is taken", Id. at 230 (internal citations omitted), and that there is a risk of violent confrontation because the victim must be present in order for the offender to take the property from the victim's protection or control. Id. at 232-233.

Mr. Manning's case is different. In 1997, Mr. Manning was convicted of the New Jersey crime of Theft from the Person, a crime of the third degree. (JA 108) The substantive code section setting forth the offense is New Jersey Statutes § 2C:20-3[1]. The New Jersey amended judgment refers to New Jersey Statutes § 2C:20-2[2] the code section establishing the grade of the offense. The Supreme Court of New Jersey has

---

[1] N.J.S.A. § 2C:20-3 Theft by unlawful taking or disposition

a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.

b. Immovable property. A person is guilty of theft if he unlawfully transfers any interest in immovable property of another with purpose to benefit himself or another not entitled thereto.

[2] N.J.S.A. § 2C:20-2 provides in pertinent part that: (2) Theft constitutes a crime of the third degree if:.... (d) It is from the person of the victim ...

5

looked at the legislative history behind section 2C:20-3 and stated that the Legislature made clear the following:

> The crime here defined may be committed in many ways, i.e., by a stranger acting by stealth or snatching from the presence or even the grasp of the owner or by a person entrusted with the property as agent, bailee, trustee, fiduciary or otherwise.

State v. Sein, 590 A.2d 665, ___, 124 N.J. 209, 217 (N.J. 1991). The New Jersey legislative history and the clear wording of the New Jersey theft statute establish that there are alternative elements by which theft from the person may be proved in New Jersey. Offenses are divisible when they consist of alternative elements through which the offense may be proved. United States v. Royal, No. 10-5296, slip op. at 17, (4th Cir. October 1, 2013). As the New Jersey statue is divisible, the modified categorical approach must be applied to determine whether the "otherwise" clause is applicable and the New Jersey theft from a person conviction should have been counted as a predicate offense for the career offender finding. Id.

The prosecution has the burden of proving a sentencing enhancement under the Guidelines. United States v. Manigan, 592 F.3d 621, 628 (4th Cir. 2010). In the district court, the prosecution argued that although the New Jersey statute could be violated in a number of different ways the New Jersey judgment of conviction was sufficient in light of Jarmon. (J.A. 80-81). The prosecution chose not to introduce

6

any evidence other than the New Jersey Amended Judgment of Conviction. (J.A. 82). As the prosecution did not adduce any evidence, the prosecution failed to meet its burden and therefore the New Jersey conviction for theft from a person should not have been determined to be a predicate offense that resulted in the finding that Mr. Manning was a career offender.

## CONCLUSION

For the reasons set forth herein, the finding that Mr. Manning was a career offender must be vacated and the case remanded to the district court for re-sentencing without the career offender enhancement. As the government failed to meet its burden of proving this enhancement, the government should be estopped from attempting to prove this enhancement at the re-sentencing.

## REQUEST FOR ORAL ARGUMENT

Appellant respectfully requests oral argument on the issues presented in this appeal.

                                                              Respectfully submitted,

                                                              SHAWN PATRICK MANNING

                                          By   /s/ L. Brad Braford

L. Brad Braford, Esq.   V.S.B. No. 30065
**L. Brad Braford, P.C.**
4806 Pleasant Hill Drive, Suite 202
Roanoke, VA  24018
(540) 342-2850
(540) 342-2824 Facsimile
lbbpclaw@verizon.net
Counsel for Appellant

8

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This brief complies with the Type-volume limitation of Fed. R. App. 32(a)(7)(B) because:

   The word count of this brief is 1,500 words.

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   This brief has been prepared in a proportionally spaced typeface using WordPerfect, Times New Roman, 14 point.

October 24, 2013

                                            /s/ L. Brad Braford
                                            L. Brad Braford, Esq.
                                            Counsel for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that I have this 24th day of October, 2013 filed the Opening Brief of Appellant and Joint Appendix in the Office of the Clerk of the United States Court of Appeals for the Fourth Circuit via hand-delivery and electronically using the Court's CM/ECF system which will send notification of such filing to:

R. Andrew Bassford
Office of the United States Attorney
P.O. Box 1709
Roanoke, Virginia 24008-1709
andrew.bassford@usdoj.gov
*Counsel for Appellee*


October 24, 2013

                                               /s/ L. Brad Braford
                                               L. Brad Braford, Esq.